**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NICHOLAS JAMES GONZALES,

      Plaintiff,

vs.                                                                      No. CV 18-00107 JCH/GBW

NEW MEXICO CORRECTIONS DEPARTMENT,
N.M.C.D. HEALTH SERVICES BUREAU,
JANE & JHON DOE,
EMILY WITTMAN, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the 1983 (Denial of Medical Care & Attention) Civil Complaint ("Complaint") filed by Plaintiff Nicholas James Gonzales (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

**I. Factual and Procedural Background**

Plaintiff Nicholas James Gonzales filed his pro se Complaint on February 1, 2018. (Doc. 1). Gonzales is a prisoner in the custody of the New Mexico Department of Corrections. At the time he filed his Complaint, Gonzales was incarcerated at the Penitentiary of New Mexico. (Doc. 1 at 1). However, on February 15, 2019, Gonzales filed a change of address, notifying the Court that he had been transferred to a facility located in Eloy, Arizona. (Doc. 13).

Gonzales names, as Defendants, the New Mexico Corrections Department ("NMCD"), the NMCD Health Services Bureau, Jane and Jhon (sic) Does, and Emily Wittman. (Doc. 1 at 1). In his Complaint, Gonzales claims that, since arriving at PNM on June 16, 2017, he has been seeking care and treatment for his Hepatitis-C condition and nothing has been done. (Doc. 1 at 1). He

1

claims that he submitted sick call requests and none were responded to. (Doc. 1 at 2). After his requests were ignored, he alleges he began seeking intervention through the prison grievance system and his grievances were ignored. (Doc. 1 at 2). He then began mailing complaints to NMCD and NMCD Health Services Bureau personnel and asserts that nobody investigated or answered. (Doc. 1 at 2). Gonzales contends that, by ignoring his medical issues, Defendants deny Plaintiff the ability to seek and obtain medical treatment and care. (Doc. 1 at 2).

In his request for relief, Gonzales seeks:

> (1) a declaration that the acts and omissions of the Defendants violate his rights under the Constitution and laws of the United States:
> (2) a preliminary and permanent injunction ordering Defendants to respond to his internal grievances and to begin providing treatment and care for his Hepatitis disease and symptoms. He specifically requests that he be given the medication Harvoni; and
> (3) compensatory damages of $50,000 against each Defendant and punitive damages of $50,000 against each Defendant.

(Doc. 1 at 3).

This is one of thirteen cases that have either been brought as original proceedings by Plaintiff Gonzales or removed to this Court by defendants.[1] This is the fourth case in which Gonzales has alleged violation of his constitutional and state law rights by NMCD prison officials for failure to provide him with medications to cure his Hepatitis-C disease. *See* Doc. 1; *Gonzales v. Corizon Health Care*, No. CV 15-00890 WJ/GJF; *Gonzales v. Marcantell*, No. CV 16-01275 WJ/LF; and *Gonzales v. Centurion*, No. CV 18-00453 RB/JHR. The Court takes judicial notice of

---

[1] *Gonzales v. Hatch,* No. CV 13-00305 RB/GB;*, Gonzales v. Franco,* No. CV 14-01001 MV/KBM; *Gonzales v. Franco,* No. CV 14-01163 JB/SMV*; Gonzales v. Corizon Health Care,* No. CV 15-00890 WJ/GJF; *Gonzales v. Penitentiary of New Mexico*, No. CV 15-01161 KG/SCY; *Gonzales v. Marcantell,* No. CV 16-01275 WJ/LF; *Gonzales v. Robinson*, No. CV 16-01409 JCH/GBW; *Gonzales v. Loya*, No. CV 01388 WJ/GJF; *Gonzales v. Attorney General*, No. CV 17-01027 JCH/KRS; *Gonzales v. Hatch*, No. CV 18-00283 KG/KRS; *Gonzales v. Centurion*, No. CV 18-00453 RB/JRH; *Gonzales v. New Mexico Department of Corrections,* No. CV 18-00107; and *Gonzales v. New Mexico Corrections Department,* No. CV 20-00762 KWR/LF.

its own records. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972). Plaintiff's federal claims have been dismissed in all three of the prior cases and any state law medical negligence claims were remanded to state court. *See* CV 15-00890 WJ/GJF; CV 16-01275 WJ/LF; CV 18-00453 RB/JHR.

## II. Dismissals for Failure to State a Claim

Plaintiff Gonzales is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations"

3

means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. The Complaint Fails to State a § 1983 Claim

Plaintiff Gonzales claims that he is being deprived of his right to medical care and treatment in violation of the Constitution. (Doc. 1 3). Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Gonzales alleges claims under 42 U.S.C. § 1983 for violation of constitutional rights. (Doc. 1 at 1-3). He claims his rights have been violated by alleged indifference to serious medical needs. (Doc. 1 at 1-3). He names, as Defendants, NMCD and the NMCD Health Services Bureau. (Doc. 1 at 1). The New Mexico Department of Corrections, including its Health Services Bureau, is a state entity. As such, the claims against it are claims against the State of New Mexico. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The Court finds that the Complaint fails to state a claim on which relief may be granted against NMCD and the NMCD Health Services Bureau under either Rule 12(b)(6) or § 1915(e)(2)(B) and cannot be amended to state a legally proper claim for relief. Therefore, the claims against NMCD and the NMCD Health Services Bureau will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

Gonzales also names as Defendants Jane and Jhon Does, but does not identify any specific individuals. Nor does the Complaint allege any act or omission by any Jane or Jhon Doe. (Doc. 1 at 1-3). Plaintiff does name one individual Defendant, Emily Wittman. But, other than naming her, he does not allege any conduct whatsoever on her part. (Doc. 1). In order to state a § 1983 claim for relief, Gonzales must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos,* 523 F.3d at 1162. Gonzales must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution but fails to do so in his Complaint. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. at 48. Gonzales does not claim a connection between official conduct by any identified individual and violation of his constitutional rights. His Complaint fails to state a claim for relief against any named Defendant under Section 1983. *See Trask v. Franco*, 446 F.3d at 1046.

Further, even if Gonzales had alleged actions under color of law by an identified official, his claims do not support relief under § 1983. Gonzales alleges claims of deliberate indifference to his serious medical needs. (Doc. 1-1 at 2, 7). The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the

6

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). Although Gonzales offers little factual support, for purposes of this case, the Court assumes that Gonzales has a serious medical need. (Doc 1-1 at 2).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted).  With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*,

563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

In the context of Hepatitis-C, prison officials are not deliberately indifferent to an inmate's serious medical need when a physician prescribes a different method of treatment than that requested by the inmate. *See Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15–CV–0579, 2015 WL 6706587, at *2 (E.D.Cal. Nov. 3, 2015); *see, also, Johnson v. Frakes*, No. 8:16CV155, 2016 WL 4148231, at *3 (D.Neb. Aug. 4, 2016) (concluding that defendants' failure to provide Plaintiff with Harvoni, his requested course of treatment, did not constitute an Eighth Amendment violation); *Smith v. Corizon, Inc.*, No. 15–743, 2015 WL 9274915, at *6 (D.Md. Dec. 17, 2015)

(finding that denial of an inmate's request for Harvoni treatment did not reflect deliberate indifference where inmate was seen by prison nurses, physician's assistants, and physicians for his chronic conditions, including Hepatitis-C).

The record in this case fails to establish the second, subjective, component. As set out, above, Gonzales does not identify any conduct by any individual official. (Doc. 1 at 1-3). The allegations of the Complaint are insufficient to state a plausible claim that any Defendant was deliberately indifferent to Gonzales's medical needs. *Twombly,* 550 U.S. at 570. Similarly, the alleged facts in this case do not show that any individual Defendant both knew of his Hepatitis-C condition and, acting with a culpable state of mind, deliberately chose to disregard it. *Martinez v. Beggs*, 563 F.3d at 1089.[2]

As the Court has previously stated, Gonzales's allegations boil down to a contention that he has a constitutional right to a particular course of treatment or to be given a particular medication. (Doc. 1 at 3, requesting the Court order NMCD to give him the Harvoni medication.) The Tenth Circuit and other courts have rejected such an expansive view of the rights protected by the Eighth Amendment. The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a particular course of treatment. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson,* 108

---

[2] The records in Plaintiff's prior cases refute Gonzales' claims that his Hepatitis-C condition and requests for medical care have been ignored by NMCD. *See, e.g.,* CV 16-01275 WJ/LF, Doc. 1 at 10-11; CV 18-00453 RB/JHR, Doc. 1-1 at 5, 8 ("You are non-compliant with your clinic appointments, lab appointments, and behaviors. Also, your lab work, when you allow it, does not meet the criteria for treatment at his time . . . Under the State of New Mexico's Guidance, you currently fall into priority 4 Stage 0-1 fibrosis and all other cases of Hepatitis C. You fall into this category because your APRI is 0.361 . . . You are not being denied attention as you are followed by medical in Chronic Clinic and you are able to access medical care through a health service request. You are not being denied equal protection under the law because everyone with Hepatitis C must meet the same qualifiers").

F.3d 1296, 1304 (10th Cir.1997). Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996). Prison health care providers remain free to exercise professional judgment and an inmate is not entitled to any particular course of treatment. *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.1997). S*ee also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim).

Gonzales seeks to be given his choice of medication. (Doc. 1at 3). The Court understands that any prisoner diagnosed with Hepatitis-C would want to receive one of the new treatments that can cure the disease. The questions of the medical standard of care and whether any inmate diagnosed with Hepatitis-C should receive the new medications are medical questions beyond the scope of the issues raised in this case. The Court finds only that the allegations of the Complaint are insufficient to rise to the level of deliberate indifference to a prisoner's serious medical needs in violation of the Eight Amendment. The allegations of the Complaint fail to state an Eighth Amendment claim for relief. *Self v. Crum,* 439 F.3d at 1231; *Callahan v. Poppell*, 471 F.3d at 1160.

Gonzales also seeks injunctive relief requiring NMCD to respond to his grievances and to provide care and treatment for his Hepatitis-C condition. (Doc. 1 at 3). However, his transfer to another facility has rendered those claims moot. *See* Doc. 13. A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v.*

*Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985). Plaintiff's claims for injunctive relief will be dismissed as moot based on his transfer to an Arizona facility.

Last, Gonzales claims that his rights have been violated by failure of the NMCD to properly investigate and address his prison grievances. (Doc. 1 at 1-2).[3] "There is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x. 331, 332 (10th Cir. 2011) (unpublished). For a state statute to create a "legitimate claim of entitlement" to a benefit and therefore an interest protected by due process, it must, "[s]tated simply," place "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 462 (1989). A viable due process claim cannot rest on allegations of an unfair or inadequate grievance process. *See Von Hallcy v. Clements*, 519 F. App'x. 521, 524 (10th Cir. 2013) (unpublished) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x. 743, 749-50 (10th Cir. 2011) (unpublished) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x. 905, 906-07, 909 (10th Cir. 2005) (unpublished) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure). *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017).

---

[3] Again, as set out, above, the records in his prior three cases refute his claim that his grievances have been ignored and gone unanswered. CV 18-00453 RB/JHR, Doc. 1-1 at 5, 8.

An official's handling of a prisoner's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis,* 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also *Shango v. Jurich,* 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). Prison grievance procedures are a procedural right, only, and do not confer any substantive right upon an inmate. Grievance Procedures do no give rise to a protected liberty interest requiring the procedural protections of the Fourteenth Amendment. *Buckley,* 997 F.2d at 495 (quoting *Azeez v. DeRobertis*, 568 F.Supp. 8 (N.D. Ill. 1982)); *see also Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). The Complaint fails to state a § 1983 claim for relief based on alleged inadequate grievance procedures and responses. *Buckley,* 997 F.2d at 495.

### IV. The Court Will Not Grant Leave to Amend

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

As previously noted, this is the fourth case Plaintiff Gonzales has filed raising the same claims of deliberate indifference to his Hepatitis-C condition.  The Court has ruled that Plaintiff's allegations do not state a claim for § 1983 relief.  To the extent his claims may constitute medical negligence, the Court has remanded any state law medical negligence claims to the New Mexico state courts.  The Court concludes that, having had three prior opportunities to present his claims, allowing amendment in this case would be futile.  Although the Court has not applied it in this Memorandum Opinion, claim preclusion likely prevents Gonzales from litigating a claim that was the subject of previously issued final judgments. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017); *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020).  Therefore, the Court will dismiss his claims without leave to amend.  *Bradley v. Val-Mejias,* 379 F.3d at 901.

**IT IS ORDERED** that the 1983 (Denial of Medical Care & Attention) Civil Complaint filed by Plaintiff Nicholas James Gonzales (Doc. 1) is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B).

_____
SENIOR UNITED STATES DISTRICT JUDGE

As previously noted, this is the fourth case Plaintiff Gonzales has filed raising the same claims of deliberate indifference to his Hepatitis-C condition.  The Court has ruled that Plaintiff's allegations do not state a claim for § 1983 relief.  To the extent his claims may constitute medical negligence, the Court has remanded any state law medical negligence claims to the New Mexico state courts.  The Court concludes that, having had three prior opportunities to present his claims, allowing amendment in this case would be futile.  Although the Court has not applied it in this Memorandum Opinion, claim preclusion likely prevents Gonzales from litigating a claim that was the subject of previously issued final judgments. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017); *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020).  Therefore, the Court will dismiss his claims without leave to amend.  *Bradley v. Val-Mejias,* 379 F.3d at 901.

**IT IS ORDERED** that the 1983 (Denial of Medical Care & Attention) Civil Complaint filed by Plaintiff Nicholas James Gonzales (Doc. 1) is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B).

_____
SENIOR UNITED STATES DISTRICT JUDGE